Kinsey C. J.
The question before the court is, whether the plaintiff has so far failed in the production of a title to the lands in controversy, as to impose it upon us as a duty to nonsuit him.
It appears from the evidence that the plaintiff claims three pieces of land—
1st Under a survey of 287 acres to himself.
2d To a tract of 183 acres which Martin Bickham bought of Richard Bickham by deed dated January 1732.
3d To another small piece of land under a quit claim also executed between Richard and Martin Bickham.
He has produced two deeds dated in 1732 and 1749, and proved the possession of his father from whom he claims as heir, under these deeds, till the time of his death. So that the plaintiff claims one part as vacant, the other two parts as heir to his father.
The defendant has yet offered no title, nor can we at this period presume that he has any. All that has yet been alleged in favour of his right is an adverse possession of upwards of twenty years, which it is contended tolls the right of entry of the lessor, so that he cannot recover in an action, of ejectment which is a mere possessory action.
Another ground upon which he expects to defeat the claim of the plaintiff, is afforded by the statutes against buying pretended titles.
In New-Jersey, the action of ejectment has always been considered as on the same footing with a writ of right. It has been too solemnly settled to be now disputed, that the statute of James (a) does not extend here; and therefore all *223 the legal consequences arising from that statute, one of which is that twenty years adverse possession, like a descent cast, tolls an entry, falls to the ground. This objection therefore cannot be supported.
Stockton objected to the introduction of this testimony,
ást Because when taken there was no suit pending.
2d Because it was never contemplated by the legislature to be introduced in actions of ejectment.
As to the statutes against maintenance, or the common law provisions against that offence. They furnish no grounds upon which we ought to interfere, and to prevent the cause from going to the jury in this case.
It appeared that the defendant claimed tide under a will which the plaintiff contended was a forgery, alleging that jHambyy one of the attesting witnesses, was dead before the time when the instrument purported to be executed. To establish this fact he offered in evidence the deposition of Silvester Sharp, taken before Joseph Sugg commissioner of bail and affidavits, which it was contended was admissible in evidence under the act of assembly.
Kinsey C. J. and Chetwood J.
thought the first reason decisive there was no cause pending when the deposition was taken.
Smith J. Both reasons are good.
Evidence rejected.
The defendants produced testimony to show that Sanby was alive after the date of the will, and the whole cause going to the jury they found a
Verdict for defendants„

 Stat. 21 Jac. 1. c. 16. 3 Ruffheacl 10Ü.